UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AUDREY CLARK, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>V.<br><br>EXETER FINANCE LLC,<br><br>Defendant. | CIVIL ACTION NO. 3:24-cv-00302<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT & JURY DEMAND**

## SUMMARY

1. Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees.

2. Plaintiff Audrey Clark, and the employees she seeks to represent ("Collective Action Members"), are current and former hourly paid customer service representatives employed by Defendant Exeter Finance LLC ("Defendant" or "Exeter") during any work week three years prior to the time notice is issued.

3. This case implicates Defendant's longstanding policy of knowingly and deliberately failing to compensate Plaintiff and Collective Action Members for their overtime hours based on the time and one-half formula under the FLSA.

4. Defendant violated the FLSA in the following manners:

   a. Defendant failed to pay Plaintiff and Collective Action members for all hours worked including overtime; and

   b. Defendant failed to include all remunerations paid when calculating the overtime rate.

5. Consequently, Defendant's compensation policy violates the FLSA's mandate that non-exempt employees, such as Plaintiff and Collective Action Members, be compensated at one and one-half times their regular rate of pay for each hour worked over forty (40) hours in a week.

6. Plaintiff seeks to recover, on behalf of herself and the Collective Action Members, all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7. Plaintiff also prays that the Collective Action of similarly situated hourly-paid customer service representatives be notified of the pendency of this action and apprised of their rights so that they may have an opportunity to join this litigation as Opt-in Plaintiffs.

## SUBJECT MATTER JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, and specifically the FLSA, 29 U.S.C. § 216(b).

9. Venue is proper in the Northern District of Texas Dallas Division pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in this district and is headquartered in the Dallas Division.

## PARTIES & PERSONAL JURISDICTION

10. Plaintiff Audrey Clark is an individual who resides in Dallas County, Texas. Her written consent form to this action is attached as Exhibit "1" to this complaint.

11. The Collective Action Members are all hourly-paid customer service representatives employed by Defendant at any time during the three years prior to filing of this Complaint up to the present.

12. Defendant Exeter Finance LLC is a Delaware limited liability company, which does business in Texas and is headquartered in Dallas County, Texas. Defendant can be served with process through its registered agent: Corporation Service Company D/B/A CSC – Lawyers IN, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## FLSA COVERAGE

13. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

14. At all material times, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r).

15. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) due to the fact Defendant has and continues to have employees engaged in commerce.

16. Based on information and belief, Defendant has an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203 (s)(1)(A)(ii).

17. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

18. Drivers, like the Plaintiff and Collective Action Members, are non-exempt employees under the FLSA.

## FACTS

19. Exeter is an auto finance company and lender that provides financial services to customers nationwide.[1]

20. Plaintiff was employed by Defendant as a customer service representative from on or about August 2020 through on or about January 14, 2024.

21. Plaintiff's primary job duties concerned collections related work.

22. Plaintiff worked remotely.

23. Other customer service representatives at Exeter worked remotely.

24. On information and belief, Plaintiff estimates that at least 100 hourly paid customer representative employees worked remotely at Exeter.

25. Plaintiff was paid approximately $22.50 per hour at the start of her employment.

26. Plaintiff was paid approximately $24.71 per hour at the end of her employment.

27. Plaintiff was also paid nondiscretionary bonuses.

28. Plaintiff's nondiscretionary bonuses each month averaged a total of $300.

29. Plaintiff's nondiscretionary bonuses were based on the number of calls she made per month, the number of outstanding amounts she collected, and the quality assurance score that she would receive.

30. On average, Plaintiff worked 40 or more hours per week.

31. However, Plaintiff was not paid for all hours worked.

32. Plaintiff's scheduled start time was at 8 a.m.

33. Plaintiff's compensation began at her scheduled start time.

---

[1] See https://www.exeterfinance.com/ (last visited on 2/6/2024).

34. However, Plaintiff was expected to sign in at least 5-6 minutes before her scheduled start time.

35. The time Plaintiff was required to sign in prior to her scheduled start time was not compensated by Defendant.

36. To be able to sign in prior to her scheduled start time, Plaintiff began her "boot up" process approximately 10 minutes before her scheduled start time (this time was uncompensated).

37. Plaintiff worked approximately 5 days a week, which resulted in at least 50 minutes of uncompensated overtime (as her regular compensated hours per week were at least 40 hours).

38. Time spent logging into her computer (or booting up) prior to her scheduled start time was necessary for Plaintiff to perform her work remotely.

39. To access Defendant's intranet, Plaintiff first had to access Global connect. Then Plaintiff used a two-factor authentication code which was sent to her cell phone so she could access Defendant's Workday in order to sign in for her shift. This process was sometimes lengthened by technical issues such as network updates to Defendant's system or other IT issues related to Defendant's system.

40. Plaintiff underwent the process required to sign into Defendant's intranet, so she could receive necessary instructions and be ready to make or accept phone calls the moment her scheduled shift starts.

41. Plaintiff was allowed to log into Defendant's timekeeping system (and begin getting paid) only after she was ready to make or accept phone calls.

42. Furthermore, Defendant failed to include nondiscretionary bonuses paid when calculating her overtime rate. As discussed above, Plaintiff was paid nondiscretionary bonuses that totaled approximately $300 each month. Those bonuses were based on the number of calls she

made per month, the number of outstanding amounts she collected, and the quality assurance score that she would receive.

43. Plaintiff knew how her bonuses were structured and expected such bonus if she met Defendant's requirements.

44. Because these bonuses were based on predetermined formulas, were paid for the quality and accuracy of work, and were offered to induce employees to work more efficiently, the bonuses should have been included in the calculation of Plaintiff's overtime rate.

45. No exemption or other exception to the payment of overtime under the FLSA applies to hourly paid manual employees like the Plaintiff. Plaintiff is entitled to her overtime pay at the federally mandated overtime rate, which is calculated by including all hours worked and remunerations paid.

## COLLECTIVE ACTION ALLEGATIONS

46. As part of its regular business practices, Defendant has intentionally, willfully and repeatedly harmed Plaintiff and Collective Action Members by engaging in a pattern, practice, or policy of violating the FLSA on a Collective Action wide basis, as described above.

47. Although Defendant permitted and/or required Collective Action Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

48. Plaintiff brings this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were, are, or will be employed by Defendant as customer service representatives within three (3) years from the commencement of this action.

49. Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff, since her claims are similar to the claims possessed by Collective Action Members.

50. Plaintiff has actual knowledge that Collective Action Members working for Defendant have likewise been denied overtime at the rate mandated by the FLSA.

51. Plaintiff is similarly situated to the Collective Action Members. Collective Action Members perform or have performed the same or similar work as the Plaintiff.

52. Like Plaintiff, the Collective Action Members were not paid for pre shift work.

53. Likewise, their bonuses were excluded from the calculation of the overtime rate.

54. The names and addresses of the Collective Action Members of the collective action are discoverable from the Defendant. To the extent required by law, notice will be provided to these individuals via Mail, Email, Text, or using techniques and a form of notice similar to those customarily used in representative actions.

55. Although the exact amount of damages may vary among Collective Action Members, damages can be calculated, summed, and allocated based on a simple formula.

56. The claims of the Plaintiff and Collective Action Members arise from a common nucleus of operative facts, namely the continued and willful failure of Defendant to comply with its obligation to legally compensate their employees.

57. As such, the Collective Action of similarly situated individuals is properly defined as follows:

> **All current and former customer service representatives employed by Exeter during the three-year period before the filing of this complaint up to the present.**

### VIOLATION OF 29 U.S.C. § 207

58. Plaintiff incorporates the preceding paragraphs by reference.

59. Defendant violated the FLSA by failing to pay Plaintiff and Collective Action Members overtime based on the statutory formula provided in the FLSA.

60. For all the time worked in excess of forty (40) hours in individual workweeks, Plaintiff and Collective Action Members were entitled to be paid one and one-half times their regular rates. 29 U.S.C. § 207.

61. Defendant violated and continues to violate the FLSA when it failed to pay Plaintiff and Collective Action Members consistent with the statutorily mandated overtime rate for each hour worked over forty (40) in a single work week.

62. No exemption provided in the FLSA or recognized by courts authorizes the Defendant to disregard paying overtime to their employees when such overtime is earned.

63. Defendant's failure to pay overtime to Plaintiff and Collective Action Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Therefore, a three-year statute of limitations applies to this action and Defendant is liable for liquidated damages.

## DAMAGES SOUGHT

64. Plaintiff and Collective Action Members are entitled to recover their unpaid overtime compensation.

65. Plaintiff and Collective Action Members are entitled to recover an amount equal to all their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

## JURY DEMAND

66. Plaintiff and Collective Action Members hereby demand a trial by jury.

## **PRAYER FOR RELIEF**

67. For these reasons, Plaintiff and Collective Action Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. All unpaid wages;

   b. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   c. An equal amount as liquidated damages as allowed under the FLSA;

   d. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

   e. Post- judgment interest; and

   f. Such other relief to which Plaintiff and Collective Action Members may be entitled, at law or in equity.

Dated: February 6, 2024

Respectfully submitted,

*/s/ Ricardo J. Prieto*
Ricardo J. Prieto
Texas Bar No. 24062947
rprieto@wageandhourfirm.com
Melinda Arbuckle
Texas Bar No. 24080773
marbuckle@wageandhourfirm.com
**WAGE AND HOUR FIRM**
5050 Quorum Drive, Suite 700
Dallas, Texas 75254
Telephone: (214) 489-7653
Fax: (469) 319-0317

COUNSEL FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS